IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION
U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
11/23/2018
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR597-003 |
| ) | |
| RICKY MITCHELL, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Ricky Mitchell's Motion to Reduce Sentence (Doc. 2190), Motion to Appoint Counsel (Doc. 2191), and Motion for Relief (Doc. 2199). In his Motion to Reduce Sentence, Defendant argues that he is entitled to a two-point reduction in his offense level based on the "Drug Minus Two Amendment" to the guidelines. (Doc. 2190 at 2.) Previously, this Court sua sponte denied Defendant a sentence reduction. (Doc. 2154.) The Court determined that the "Drug Minus Two Amendment" had no effect on Defendant's sentence because he was sentenced as a career offender. (Id. at 2); see United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012); United States v. Moore, 541 F.3d 1323, 1327-30 (11th Cir. 2008).

Subsequent to that denial, the President of the United States granted Defendant's clemency application and commuted his sentence from life to 360-months imprisonment.

(Doc. 2186.) In his Motion to Reduce, Defendant generally contends that he is now entitled to the two-point reduction because he is no longer serving a career-offender sentence. (Doc. 2190 at 1-2.) However, this Court determines that Defendant remains ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because he is not serving "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Defendant's current sentence is not based on a guideline range, but on the President's constitutional authority "to grant Reprieves and Pardons for Offences against the United States." U.S. Const. art. II, § 2, cl. 1. Accordingly, Defendant's Motion to Reduce Sentence (Doc. 2190) and Motion for Relief (Doc. 2199) are both **DENIED**. In addition, Defendant's Motion to Appoint Counsel (Doc. 2191) is also **DENIED**. See United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009) (holding that Fifth Amendment does not provide mandatory right to counsel for motions to reduce sentence based on § 3582(c)(2)).

SO ORDERED this 25th day of January 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA